UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOSEPH ABDALLAH,

        Plaintiff,

                                            DECISION AND ORDER
vs.                                             05-CV-6391

KILLADY, ET AL.,

        Defendants.

_____

**Siragusa, J.** By undated letter, postmarked on March 13, 2007, *pro se* plaintiff is asking the Court to reconsider its Decision and Order (# 19) denying the appointment of *pro bono* counsel. The Court grants plaintiff's request for reconsideration, and affirms its earlier decision.

On November 17, 2005, prior to any answer to his original complaint, plaintiff filed an amended complaint. In his first claim in the amended complaint, plaintiff alleges that on October 23, 2003, Correction Sergeant Killady, and Correction Officers Carr and Burns, slapped him on the head and face three times, knocked his glasses to the floor, and screamed at him the following words: "you fucking terrorist." (Am. Compl., at 3.) He further maintains that when he bent down to pick up his glasses, Carr and Burns,

> without provocation by the plaintiff committed assault and battery upon plaintiff along with [S]ergeant Killady by punching, kicking and stomping plaintiff in the head, neck[,] back[,] arms and legs, shouting that they would kill plaintiff up in her [sic], stating that ["T]his is what we do to terrorist[s]," causing plaintiff to suffer [t]raumatic [b]rain [i]njury and brain dysfunction, plaintiff was then put in Protective Custody by Sergeant Killady.

(Am. Compl., at 3.) Additionally, plaintiff alleges that Killady threatened him with death if he ever revealed what had happened. (Am. Compl., at 4.) In a second claim, plaintiff alleges that he was

not provided with medical treatment for the injuries he received as a result of the assault until five days later, which caused him to suffer permanent disability. (Am. Compl., at 5.) Plaintiff also alleges that he had not administratively exhausted either claim. Plaintiff's complaint is articulate and thorough.

Since the Court's initial denial of his application for *pro bono* counsel, plaintiff has participated in a Federal Rule of Civil Procedure 16 scheduling conference with United States Magistrate Judge Marian W. Payson, and has filed three motions (## 24, 27 & 28). In an affirmation in support of his motion to "determine medical problem" (# 27), plaintiff asserts that he has been "evaluated at a sixth grade educational level," that he is "100% disabled with a [s]pinal [f]usion with metal screws rod cage fusion device," that "55% of [his] right lung was removed," that he is "legally blind" in his left eye and "cannot see that well with [his] right eye." (Abdallah Aff. (May 23, 1006) ¶¶ 2-3.) However, *pro sei* plaintiff has successfully elicited a response to his interrogatories. (*See* Def.s' Response to Pl.'s First Set of Interrog. (# 29).) He has also obtained discovery from the defendants. (*See* Def.s' Response to Discovery Request (## 30, 31).) He has further filed two requests for admissions (## 40, 41), as well as filed a reply to defendants' opposition to his motion to compel (# 35).

This Court need not appoint counsel where plaintiff demonstrates a workable knowledge of the legal process and is capable of presenting his case. *Rhodes v. Houston*, 258 F.Supp. 546, 578-79 (D. Neb.1966), *aff'd* , 418 F.2d 1309 (8th Cir.1969), *cert. denied* , 397 U.S. 1049 (1970). Plaintiff may move for reconsideration of a court decision on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Reconsideration is merited if plaintiff can "demonstrate that the Court overlooked controlling decisions or factual matters that were put

before it on the underlying motion." *Shamis v. Ambassador Factors Corp.*, 187 F.R .D. 148, 151 (S.D.N.Y. 1999). Those matters must "reasonably be expected to alter the conclusion reached by the court." *Davidson v. Scully*, 172 F. Supp.2d 458, 461 (S.D.N.Y. 2001).

Although plaintiff's request for reconsideration contains more factual elaboration than his original motion, based on the its review of plaintiff's prosecution of this case to date, as well as the allegations in his amended complaint, the Court does not find that the appointment of counsel is required at this time. Accordingly, it is hereby

ORDERED, that plaintiff's request that the Court reconsider its Decision and Order (# 19) denying the appointment of *pro bono* counsel, is granted; and it is further

ORDERED, that the plaintiff's motion (# 18) to appoint counsel is, upon reconsideration, denied.

IT IS SO ORDERED.

DATED:   March 23, 2007
         Rochester, New York

                                        ENTER.

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge